

Stephanie L. Cesare, Esquire
Attorney I.D. No.: 308102
2 West High Street
Carlisle, Pennsylvania 17013
(717) 249-0900

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO.  23-CR-288 (BAH) |
| | : | |
| v. | : | |
| | : | |
| JOSEPH PASTUCCI | : | |
| JEANETTE MANGIA | : | |
| Defendants | : | |

## DEFENDANT JOSEPH PASTUCCI'S PRELIMINARY
## SENTENCING GUIDELINES CALCULATIONS

Pursuant to this Court's April 17, 2024, Minute Order, below is Mr. Pastucci's preliminary calculation of the sentencing guidelines and ranges applicable to each count in the indictment.[1] Mr. Pastucci was charged in an eleven-count indictment with three felonies and eight misdemeanors, as delineated below. Mr. Pastucci understands that the sentence in this case will be determined by the Court after it reviews Probation's presentence investigation report, the parties' sentencing submissions, and the parties' oral arguments at a sentencing hearing. Mr. Pastucci also understands that in determining a sentence, the Court will look to the factors set forth in 18 U.S.C. 3553(a), which includes consideration of the United States Sentencing Guidelines.

---

[1] These calculations are preliminary in nature. Mr. Pastucci reserves the right to modify his position on the applicability of certain guidelines as well as his calculation of the applicable guidelines ranges prior to sentencing.

I.     **Guidelines Calculations and Statutory Maximums**

Below is Mr. Pastucci's preliminary calculation of the applicable guidelines in this case. Mr. Pastucci has not included the rationale for and arguments behind each of the calculations below, but will do so in connection with Probation's presentence investigation and the Court's subsequent sentencing proceeding.

**A.  Count 1**

Mr. Pastucci was charged in Count 1 with Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). Count 1 is a felony. The maximum penalty for a violation of Count 1 is 20 years imprisonment, a fine of up to $250,000, a period of supervised release of not more than three years, and a special assessment of $100. See 18 U.S.C. §§ 1512(c), 3571, and 3583.

"[F]or purposes of Sentencing Guideline 2J1.2, the phrase 'administration of justice' does not encompass Congress's role in the electoral certification process." *United States v. Brock*, 94 F.4th 39, 51 (D.C. Cir. 2024). Therefore, the possible upward adjustments under enhancements in § 2J1.2(b)(1)(B) and (b)(2) are inapplicable here because the electoral certification does not involve the "administration of justice." *Id., see also United States v. Seefried*, 639 F. Supp. 3d 8, 20 (D.D.C. 2022); *but see*, *United States v. Roche*, No. CR 22-86, 2024 WL 1328459, at *5, n5 (D.D.C. Mar. 28, 2024):

> Defendant also argues in his motion that the D.C. Circuit's March 1, 2024 decision in *United States v. Brock*, 94 F.4th at 45, holding that the specific offense characteristic ("SOC") provided by U.S.S.G. § 2J1.2(b)(2) does not apply to convictions, under 18 U.S.C. § 1512(c)(2), for conduct disrupting the counting and certification of the electoral college votes by the Congress on January 6, 2021, would have a substantial impact on his sentence, since this SOC was applied in determining defendant's advisory sentencing range, Def.'s Mot. at 5–6. Should defendant's felony obstruction conviction remain intact, following the Supreme Court's resolution of the pending appeal in *Fischer*, the *Brock* decision's impact on the ultimate sentence imposed in this case is likely minimal, given the Court's discretion to vary upwards, as appropriate to account for the seriousness of the offense conduct, and alternative upward departure provisions authoring the same, including for significant disruption of a critical and important governmental function as a result of defendants' offense conduct. *See*, e.g., U.S.S.G. §§ 5K2.0(a)(2), 5K2.7; *see also United States v. Hale-Cusanelli*, 21-cr-37 (TNM), Sentencing Tr. at 86:01–07, ECF No. 120 ("Regardless of whether the 'administration of justice' language actually applies to this situation, I have no doubt that the

2

Commission would have intended for this to apply to substantial interference with an official proceeding like a certification process, which is itself more significant than almost any court proceeding.").

Therefore, § 2J1.2(b)(2) does not apply, regardless of its ultimate impact on this Court's sentence.

The applicable guidelines calculations for Count 1 are as follows:

| | |
|---|---|
| Base Offense Level: U.S.S.G. §2J1.2(a) | 14 |
| Specific Offense Characteristic: None. | 0 |
| Victim Related Adjustments: None. | 0 |
| Adjustment for Role in the Offense: None. | 0 |
| Adjustment for Obstruction of Justice: None. | 0 |
| Total Offense Level: | 14 |

### B. Count 2

Mr. Pastucci was charged in Count 2 with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3). Count 2 is a felony. The maximum penalty for a violation of Count 2 is 2 years imprisonment, a fine of up to $250,000, a period of supervised release of not more than three years, and a special assessment of $100. *See* 18 U.S.C. § 231(a)(3). Because there is no guideline for a conviction of 18 U.S.C. § 231(a)(3) under Appendix A, the most analogous guideline applies. U.S.S.G. §2X5.1 ("If the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline."). Based on the alleged conduct by Mr. Pastucci, §2A2.4, Obstructing or Impeding Officers, is the most analogous guideline. *See United States v. Montanez*, 36 F.4th 824, 826 (8th Cir. 2022) ("§2A2.4(a) is sufficiently analogous to 18 U.S.C. § 231(a)(3).").

The applicable guidelines calculations for Count 2 are as follows:

| | |
|---|---|
| Base Offense Level: U.S.S.G. §2A2.4(a) | 14 |
| Specific Offense Characteristic: USSG §2A2.4(b)(1)[2] | +3 |
| Victim Related Adjustments: None.[3] | 0 |

---

[2] If the offense involved physical violence, the offense level is increased by 3 levels. The government alleges that Pastucci shoved an officer in the chest and shoulder area. *See* Gov. Ex. 11 at 05:50-6:04.

[3] Pursuant to USSG §2A2.4, Application Note 2, the base offense level incorporates the fact that the victim was a governmental officer performing official duties. Therefore, §3A1.2, Official Victim,

3

| | |
|---|---|
| Adjustment for Role in the Offense: None. | 0 |
| Adjustment for Obstruction of Justice: None. | 0 |
| Total Offense Level: | <u>17</u> |

### C. Count 3

Mr. Pastucci was charged in Count 3 with Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1). Count 3 is a felony. The maximum penalty for a violation of Count 3 is 8 years imprisonment, a fine of up to $250,000, a period of supervised release of not more than three years, and a special assessment of $100. See 18 U.S.C. § 111(a)(1).

The applicable guidelines calculations for Count 3 are as follows:

| | |
|---|---|
| Base Offense Level: U.S.S.G. §2A2.2(a) | 14 |
| Specific Offense Characteristic: None. | 0 |
| Victim Related Adjustments: USSG §3A1.2(b).[4] | +6 |
| Adjustment for Role in the Offense: None. | 0 |
| Adjustment for Obstruction of Justice: None. | 0 |
| Total Offense Level: | <u>20</u> |

### D. Count 4

Mr. Pastucci was charged in Count 4 with Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1). Count 4 is a Class A Misdemeanor. The maximum statutory penalty for a violation of Count 4 is 1 year of imprisonment, a fine of up to $100,000, a period of supervised release of not more than 1 year, and a special assessment of $25. See 18 U.S.C. § 1752(b).

---

does not apply unless the offense level is determined under §2A2.2, Aggravated Assault. Mr. Pastucci's conduct for Count 2 did not consist of assaultive behavior that would warrant the application of the cross reference in §2A2.4 to §2A2.2. Any alleged conduct by Mr. Pastucci that could be considered aggravated assault will be accounted for in Count 3's sentencing guidelines calculation.

[4] An unnamed United States Capitol Police Officer was a victim in this offense and the assault against him/her was motivated by this fact. U.S.S.G. §3A1.2(b) states that if subsection (a)(1) and (2) apply, and the applicable Chapter 2 guideline is from Chapter 2, Part (A), Offenses Against the Person, the offense level is increased by 6 levels.

The applicable guidelines calculations for Count 4 are as follows:

| | |
|---|---|
| Base Offense Level: U.S.S.G. §2B2.3(a) | 4 |
| Specific Offense Characteristic: U.S.S.G. §2B2.3(b)(1)(A)(vii)[5] | +2 |
| Victim Related Adjustments: None. | 0 |
| Adjustment for Role in the Offense: None. | 0 |
| Adjustment for Obstruction of Justice: None. | 0 |
| Total Offense Level: | 6 |

### E. Count 5

Mr. Pastucci was charged in Count 5 with Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2). Count 5 is a Class A Misdemeanor. The maximum penalty for a violation of Count 5 is 1 year of imprisonment, a fine of up to $100,000, a period of supervised release of not more than one year, and a special assessment of $25. *See* 18 U.S.C. § 1752(a)(2).

The applicable guidelines calculations for Count 5 are as follows:

| | |
|---|---|
| Base Offense Level: U.S.S.G. §2B2.3(a) | 4 |
| Specific Offense Characteristic: U.S.S.G. §2B2.3(b)(1)(A)(vii)[6] | +2 |
| Victim Related Adjustments: None. | 0 |
| Adjustment for Role in the Offense: None. | 0 |
| Adjustment for Obstruction of Justice: None. | 0 |
| Total Offense Level: | 6 |

### F. Count 6

Mr. Pastucci was charged in Count 6 with Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4). Count 6 is a Class A Misdemeanor. The maximum penalty for a violation of Count 6 is 1 year of imprisonment, a fine of up to $100,000, a period of supervised release of not more than 1 year, and a special assessment of $25. *See* 18 U.S.C. § 1752(a)(4).

The applicable guidelines calculations for Count 6 are as follows:

---

[5] Restricted Building or Grounds.
[6] Restricted Building or Grounds.

| | |
|---|---:|
| Base Offense Level: U.S.S.G. §2B2.3(a) | <u>4</u> |
| Specific Offense Characteristic: U.S.S.G. §2B2.3(b)(1)(A)(vii)[7] | <u>+2</u> |
| Victim Related Adjustments: None. | 0 |
| Adjustment for Role in the Offense: None. | 0 |
| Adjustment for Obstruction of Justice: None. | 0 |
| Total Offense Level: | <u>6</u> |

### G. Counts 7–11

Mr. Pastucci was charged in Counts 7, 8, 9, 10, and 11 with:

- Entering and Remaining on the Floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(A);
- Entering and Remaining in Certain Rooms in the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C);
- Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D);
- Act of Physical Violence in the Capitol Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(F); and
- Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

All five of these offenses are Class B Misdemeanors and, therefore, the Sentencing Guidelines do not apply to them. *See* U.S.S.G. §1B1.9. The statutory maximum sentence applicable to Counts 7–11 is not more than six months imprisonment, a fine of not more than $5,000 and a special assessment fee of $10. *See* 18 U.S.C. § 5109(b).

## II. <u>Grouping</u>

Pursuant to U.S.S.G. §3D1.2, Group 1 consists of Counts 1 and 4–6 because society is the victim. *See* U.S.S.G. §3D1.2(b). Pursuant to §3D1.3(a), the offense level applicable to the group is the offense level applicable to the most serious of the counts comprising the group. Therefore, the offense level applicable to Group 1 is 14. Pursuant to §3D1.4, there is no increase in the combined offense level. Therefore, the combined offense level for Counts 1 and 4–6 is 14.

---

[7] Restricted Building or Grounds.

Group 2 consists of Count 2, where several unnamed United States Capitol Police Officers were the victims. The Adjusted Offense Level for Count 2 is 17.

Group 3 consists of Count 3, where an unnamed law enforcement officer is the victim. The Adjusted Offense Level for Count 3 is 20.

**Multiple Count Adjustment**

| Group | Adjusted Offense Level | Units |
|---|---|---|
| Group 1 | 14 | ½ |
| Group 2 | 17 | 1 |
| Group 3 | 20 | 1 |

| | |
|---|---|
| Total Number of Units: | 2 ½ |
| Greater of the Adjusted Offense Levels Above: | 20 |
| Increase in the Offense Level (USSG §3D1.4): | +3 |
| Combined Adjusted Offense Level: | 23 |

### III. Acceptance of Responsibility

Mr. Pastucci has clearly demonstrated acceptance of responsibility for his offense and therefore, pursuant to U.S.S.G. §3E1.1(a), a 2-level reduction for acceptance of responsibility is appropriate. After this reduction, Mr. Pastucci's combined offense level would be 21. Additionally, if the Court determines that Mr. Pastucci's offense level is 16 or greater prior to the applicable 2-point reduction pursuant to section (a), then Mr. Pastucci should receive an additional 1-point reduction, pursuant to §3E1.1(b). Therefore, Mr. Pastucci's combined offense level is 20.

### IV. Criminal History

Mr. Pastucci has one (1) prior conviction from February 8, 2012, for Conviction of 18 Pa.C.S. § 2709(a)(2) Harassment, Strikes, Shoves, Kicks, or Attempts to do the Same and 18 Pa.C.S. § 3304(a)(2) Criminal Mischief. Pretrial Services Report at 4. Therefore, it is anticipated that Mr. Pastucci will have 1 criminal history point and his anticipated Criminal History Category is I.

V. **Preliminary Applicable Guideline Range**

Based on a combined offense level of 20 and a criminal history category of I, Mr. Pastucci's preliminary Guidelines Range is 33–41 months imprisonment, and the fine range is $15,000 to $150,000.

Respectfully submitted,

**ABOM & KUTULAKIS, LLC**

Date:  April 19, 2024                    _____/s/_____
Stephanie L. Cesare, Esquire
2 West High Street
Carlisle, PA  17013
(717) 249-0900
Attorney ID No. 308102

## **CERTIFICATE OF SERVICE**

AND NOW, this 19th day of April, 2024, I, Stephanie L. Cesare, Esquire, of ABOM & KUTULAKIS, L.L.C. hereby certifies that I did serve a true and correct copy of the foregoing Defendant's Preliminary Sentencing Guidelines Calculations via ECF addressed to the following:

Sean.mccauley@usdoj.gov

Date: April 19, 2024

/s/
Stephanie L. Cesare, Esquire
2 West High Street
Carlisle, PA  17013
(717) 249-0900
Attorney ID No. 308102