**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

    **v.**

**JOSEPH PASTUCCI**

    **Defendant.**

**Case No. 23-CR-288 (BAH)**

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**FOR EXTENSION OF TIME TO FILE POST-TRIAL MOTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response in opposition to the Defendant's Motion for Extension of Time to File Post-Trial Motions, ECF No. 83. Although the government acknowledges that the Supreme Court's recent decision in *Fischer v. United States*, 603 U.S. \_\_\_\_ (2024), represents an intervening change in law, a judgment of acquittal is not the appropriate remedy to address *Fischer*'s impact. The Court should therefore deny the defendant's motion.

**I.      BACKGROUND**

On August 23, 2023, a federal grand jury returned an indictment charging the defendant, Joseph Pastucci, with eleven counts related to his actions at the U.S. Capitol on January 6, 2021: (1) in count one, obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2; (2) in count two, civil disorder and aiding and abetting, in violation of 18 U.S.C. § 231(a)(3); (3) in count three, assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1); (4) in count four, entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); (5) in count five, engaging in disorderly and

disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); (6) in count six, engaging in physical violence in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(4); (7) in count seven, entering and remaining on the floor of congress in violation of 40 U.S.C. § 5104(e)(2)(A); (8) in count eight, entering or remaining in certain rooms of the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C); (9) in count nine, committing disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5103(e)(2)(D); (10) in count ten, committing acts of physical violence in the Capitol grounds or buildings; and (11) in count eleven, parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Following a stipulated bench trial, the defendant was convicted of each of those offenses on April 26, 2024. Sentencing is currently scheduled for August 15, 2024.

On June 28, 2024, the Supreme Court of the United States issued an opinion in *Fischer v. United States*, clarifying the scope of one of the defendant's offenses of conviction (Count One, 18 U.S.C. §§ 1512(c)(2), 2). The defendant subsequently filed the instant Motion for Extension of Time to File Post-Trial Motions on July 11, 2024.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 29(c), a defendant may move for a judgment of acquittal "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." The court, however, may extend this deadline "for good cause" upon a party's motion or may excuse untimeliness "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).

The Supreme Court articulated a non-exhaustive list of factors for determining the existence of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), which it applied to criminal cases in *Stutson v. United States*, 516 U.S. 193 (1996). Relevant considerations include "the danger of prejudice to the [movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

The *Pioneer* factors necessarily look, at least in part, to the merits of any untimely filed motion to determine questions of prejudice. *See FG Hemisphere Associates, LLC, v. Democratic Republic of Congo*, 447 F.3d 835, 842 (D.C. Cir. 2006) (explaining that, although not explicitly enumerated in *Pioneer*, "a party seeking relief on grounds of excusable neglect [must] assert a potentially meritorious defense"). Here, the defendant seeks to file a motion under Rule 29 for a judgment of acquittal. Fed. R. Crim. P. 29(c). Such a motion should be granted only if the evidence presented at trial is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When considering a Rule 29 motion after a verdict, the Court "must view the evidence in the light most favorable to the verdict, and must presume that the [trier of fact] has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983). The Court must then determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021) (citations omitted).

Critically, any question of the sufficiency of the evidence must be judged based on the

3

applicable law at the time of trial. As courts have observed, "the government . . . cannot be held responsible for failing to muster evidence sufficient to satisfy a standard which did not exist at the time of trial." *United States v. Wacker*, 72 F.3d 1453, 1465 (10th Cir. 1995) ("Under the . . . standard in place at the time, the evidence adduced at appellants' trial was sufficient to sustain the . . . convictions.") (quotation marks omitted).

### III.    ARGUMENT

Here, the equities under the *Pioneer* test do not support permitting the defendant to untimely file a motion for acquittal where the intervening decision in *Fischer* at most created a legal error—which would be remedied with a new trial[1]—rather than justifying a judgment of acquittal based on insufficiency. Because the defendant cannot obtain a judgment of acquittal on the type of error he claims here, he does not suffer prejudice, and his untimeliness is not excused under *Pioneer*.

In fact, the defendant's own motion, ECF No. 86, concedes facts that would allow a rational finder of fact to conclude that the defendant "impaired the availability or integrity for use in an official proceeding of records, documents, objects . . . or other things used in the proceedings, or attempted to do so." *Fischer*, 603 U.S. at 16. For example, the defendant concedes that, while on the Senate floor, he inspected documents that his co-defendant was personally handling. ECF No. 86 at 3. And he further concedes that he entered the Capitol building with the express goal of obstructing the certification of the Electoral College vote. *Id.* Taken together, in the light most

---

[1] The government does not concede that a new trial would necessarily be justified in the instant case, and it reserves the right to respond to any future motion for a new trial should the defendant file one.

favorable to the verdict, a rational trier of fact could justifiably conclude that the defendant attempted, at least, to impair the availability or integrity of certain documents for use in the electoral certification. Because the defendant's motion for acquittal is unlikely to succeed on the merits, denial of his motion for an extension of time poses no risk of prejudice to the defendant.

Assuming any insufficiency in the evidence presented at trial—which, to be clear, there was none—the appropriate remedy would be a new trial, rather than a judgment of acquittal. *See United States* v. *Robison*, 505 F.3d 1208, 1224-1225 (11th Cir. 2007) ("[R]emand for a new trial is the appropriate remedy where any insufficiency of evidence is accompanied by trial court error whose effect may have been to deprive the Government of an opportunity or incentive to present evidence that might have supplied the deficiency." (cleaned up)); *see also United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020) (where "the government introduced evidence sufficient to satisfy each of the elements required for conviction *at the time of his trial*," and where the Supreme Court later decided in *Rehaif v. United States,* 588 U.S. 225 (2019), that the statute of conviction included an additional knowledge requirement, the defendant's claim that the trial evidence had not established that new requirement was "best understood not as a challenge to the sufficiency of the evidence, but rather as a claim that the district court applied the wrong legal standard in assessing his guilt," and that retrial, not acquittal, would be the remedy) (emphasis supplied).

The government expects to oppose any motion for acquittal under Rule 29 in this case on its merits. And, for reasons summarized above, the government would also oppose any such motion on timeliness grounds. Should the Court grant the defendant's motion for an extension of

time to file, the government reserves the right to explain these positions in more detail in response to the substantive motion.

## IV.    CONCLUSION

For the reasons set forth above, the government respectfully requests that this Court deny the defendant's motion for an extension of time to file a motion for acquittal under Rule 29.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

*/s/ Sean J. Brennan*
SEAN J. BRENNAN
Assistant United States Attorney
NY Bar No. 5954128
601 D Street NW
Washington, DC 20530
Sean.Brennan@usdoj.gov
(202)252-7125